**FILED**
**Apr 17, 2018**
**04:05 PM(CT)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT JACKSON

| | | |
|---|---|---|
| **KRISTINA MILES,** | ) | **Docket No. 2017-07-0328** |
| **Employee,** | ) | |
| **v.** | ) | |
| **FOOD GIANT,** | ) | **State File No. 1474-2017** |
| **Employer,** | ) | |
| **And** | ) | |
| **CHUBB INS. CO.,** | ) | **Judge Allen Phillips** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING MEDICAL AND TEMPORARY DISABILITY BENEFITS

---

Ms. Miles requested medical and temporary disability benefits for a back injury. Food Giant asserted the injury did not arise out of the employment and denied her claim. The Court heard the dispute on March 27, 2018, and holds Ms. Miles is not entitled to the requested benefits at this time.

### History of Claim

Ms. Miles worked for Food Giant as a cook. She testified that on December 12, 2016, at approximately 6:30 or 7 a.m., she lifted a box of chicken and felt pain in her back. Ms. Miles's immediate supervisor was not present, so she reported her injury to the store manager, Kevin Robinson.

The parties differ regarding what Ms. Miles reported. Ms. Miles said she talked to Mr. Robinson at the store and "made clear to him" that she hurt her back when lifting the box. Ms. Miles said Mr. Robinson *told her* to go the emergency room but to do so only after another employee relieved her. Mr. Robinson said Ms. Miles called him at home. He recalls the incident because "it woke [him] up." He further testified that he assumed she called him to report a work injury and, if she had, he would have gone to the store to take her to a doctor. However, he asked Ms. Miles twice if she hurt herself at work, and she twice responded that she did not. Mr. Robinson says Ms. Miles then *told him* that she was going to the emergency room.

Ms. Miles went to Jackson-Madison County General Hospital. A nurse's triage document recorded that Ms. Miles reported back pain for "3 months" but that it worsened that morning. She said her pain worsened when moving around and lifting at work but denied any "known injury." During an examination, Ms. Miles told another provider that her back pain began "2 days ago." That provider listed the "location where the incident occurred" as "VARIOUS" and added Ms. Miles said she "cooks, has 7 kids" and engages in "frequent lifting/turning/[and] bending." The provider called the injury "repetitive," diagnosed a back strain, and restricted Ms. Miles from working for three days.

Ms. Miles testified she presented the emergency room note to Mr. Robinson, who then gave her "FMLA papers." Ms. Miles said she had never claimed workers' compensation benefits before and knew nothing of the system. She returned to Food Giant on December 16 but could not work because of pain. Mr. Robinson and the deli manager sent her home.

Ms. Miles saw her primary health care provider, Susan Yeomans, a Family Nurse Practitioner (FNP), that day. Ms. Miles said she told FNP Yeomans about the December 12 incident, but the record indicates only that she suffered a "strain while working [but] not workers comp." The record stated that Ms. Miles constantly lifted and cooked at Food Giant. Further, Ms. Miles complained her back had hurt for two weeks. FNP Yeomans recommended an MRI and that Ms. Miles remain off work until completed. Ms. Miles's counsel later asked Ms. Yeomans in a letter if she believed Ms. Miles's back pain arose primarily out of the employment; Ms. Yeomans indicated it did.

Food Giant contended its first notice that Ms. Miles claimed a work injury occurred when Ms. Miles's attorney contacted it in January 2017. It then denied the claim based on Mr. Robinson's statement that Ms. Miles specifically denied a work injury. It further asserted the medical records contained no history of the alleged injury.

Ms. Miles testified she was "fine" before the incident. She said she told both the emergency room providers and Ms. Yeomans about the incident at Food Giant. She contended the hospital records, "as often seen with hospital records," are not specific as to medical causation; however, the nurse practitioner's opinion is sufficient under the relaxed burden of an expedited hearing. Ms. Miles requested a panel of physicians to evaluate her back, payment of temporary disability benefits from the date of injury forward, and attorney's fees under Tennessee Code Annotated section 50-6-226(d)(1)(B) for Food Giant's failure to timely initiate benefits.

**Findings of Fact and Conclusions of Law**

Ms. Miles must present sufficient evidence that she would likely prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2017). The Court must construe the law fairly and impartially, favoring neither Ms. Miles nor Food Giant. *Id.* §

2

50-6-116.

Ms. Miles and Mr. Robinson both appeared sincere in their respective descriptions of the events of December 12. The Court cannot say that either witness was more or less credible than the other. Thus, the Court will look to the documentary evidence to determine if Ms. Miles satisfied the applicable burden of proof.

An employee's lay testimony along with corroborative expert testimony may support a finding that an employee would prevail at a hearing on the merits. *Lamb v. KARM Thrift Stores, LLC*, 2017 TN Wrk. Comp. App. Bd. LEXIS 42, at *9 (July 26, 2017). Here, however, the Court cannot find the medical evidence corroborates Ms. Miles's testimony. To the contrary, two separate authors at the emergency room recorded Ms. Miles's pain began either two days or three months prior. Admittedly, Ms. Miles said her pain worsened that morning, but the records also state "no known injury" and notably contain no reference to the specific incident. Ms. Yeomans also recorded no history of the specific incident. A "specific incident" identifiable by time and place of occurrence is the first element of the definition for a compensable injury. Tenn. Code Ann. § 50-6-102(14)(A). The absence of any reference to an incident allegedly occurring just two hours previous is compelling. Moreover, although Ms. Miles testified she did not have prior problems with her back, the records indicate a history of back pain.

Ms. Miles argues *Lewis v. Merry Maid*, 2016 TN Wrk. Comp. App. Bd. LEXIS 19 (Apr. 20, 2016) requires that Food Giant provide her a panel. The Court respectfully disagrees. In *Lewis*, the employee reported a specific incident that caused back pain to two different supervisors. The employer did not refute that reporting. Further, the medical evidence supported the employee's allegations that she suffered back pain while performing a specific task with no medical evidence to the contrary. *Id.* at *7-8.

Here, Food Giant refuted Ms. Miles's account regarding the alleged injury. Moreover, the medical records contain evidence at variance with Ms. Miles's version of how her pain began.

For these reasons, the Court holds Ms. Miles did not establish she would likely prevail at a hearing on the merits as to whether she suffered an injury primarily arising from her employment. Thus, the Court need not address her specific requests for benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court denies Ms. Miles's claim against Food Giant and its workers' compensation carrier for the requested benefits at this time.

2. **This matter is set for a Status Hearing on Monday, July 9, 2018, at 9:30 a.m.**

**Central Time. You must call toll-free 855-543-5038 to participate in the hearing.** Failure to call may result in a determination of the issues without your further participation.

**ENTERED** this the 17th day of April, 2018.

Judge Allen Phillips
Court of Workers' Compensation Claims

## APPENDIX

Exhibits:

1. Medical Records of Jackson-Madison Co. General Hospital and Tri-County Family Medicine and Urgent Care

Technical record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employee's Pre-Hearing Brief and Witness List
5. Employer's Pre-Hearing Brief

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 17th day of April, 2018.

| Name | Via Email | Service sent to: |
|------|-----------|------------------|
| Monica Rejaei, Esq., Attorney for Employee | X | mrejaei@nstlaw.com cmcgrath@nstlaw.com |
| James H. Tucker, Jr., Esq., Attorney for Employer | X | jtucker@manierherod.com dstevens@manierherod.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims